UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alvin James SMITH,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TRANSUNION,<br><br>　　　　　　　　　Defendant. | Case No.: 24-cv-1727-AGS-DTF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF 6)** |

　　　Plaintiff "ALVIN SMITH," which is "the captured named for Alvin-James: Smith" who is a "man and living being with blood flowing in body," has sued defendant credit reporting agency TransUnion under several theories. (*See* ECF 4, at 1.) A complaint in federal court, though, must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). Smith's complaint doesn't. So TransUnion's motion to dismiss is granted.

## BACKGROUND

　　　Shorn of its legal conclusions and sovereign-citizen dogma,[1] Smith's complaint claims TransUnion is a "nationwide consumer reporting agenc[y]" that "offers various

---

[1] "Adherents of this [sovereign-citizen] conspiracy identify themselves as trustees and executors for trusts, and intersperse copyright symbols, hyphenation, all capitals, and other bizarre punctuation in their names." *United States v. Heineman*, No. CR 05-00611 WHA, 2024 WL 4149749, at *4 (N.D. Cal. Sept. 11, 2024). Here, for example, plaintiff "Alvin-James: Smith" identifies himself as an "Authorized Rep/Agent For: ALVIN SMITH/ Principal." (ECF 4, at 5–6.) "Sovereigns are likewise fixated on the Uniform Commercial Code, which they believe is binding law that trumps both federal caselaw and statute." *Heineman*, 2024 WL 4149749, at *4; (*see also* ECF 4, at 1, 6 (repeatedly mentioning "UCC 1-308, UCC 1-204, UCC 1-207")). Sovereign citizen "contentions are frivolous and the courts ordinary reject similar contentions without extended argument." *United States v. Ward*, No. 98-30191, 1999 WL 369812, at *2 (9th Cir. May 13, 1999); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (holding such "theories should be rejected summarily, however they are presented"). Regardless, although common through his complaint and opposition to the motion to dismiss, the primary

credit reporting and information products and services to businesses and consumers." (ECF 4, at 3.) To use TransUnion's services, Smith was required to submit "Personally Identifiable Information," which he defined as "among other things," his "name, date of birth, and Social Security number." (*Id.* at 3–4.) While Smith mentions a variety of statutes, most of his amended complaint seems to focus on provisions of the Fair Credit Reporting Act, Gramm-Leach-Bliley Act, and the Federal Trade Commission Act. (*See id.* at 4–5.) Smith vaguely asserts that TransUnion violated those statutes because it generally "failed to protect and safeguard the security, confidentiality, and integrity" of his personal information by unidentified means. (*Id.* at 5.) Smith does not identify any particular failure to protect his information, such as a data breach or other loss. (*See generally id.*) TransUnion moves to dismiss. (*See generally* ECF 8.)

## DISCUSSION

### MOTION TO DISMISS

To survive a motion to dismiss, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All "sufficient factual matter" in a complaint is "accepted as true." *Id.* Where the plaintiff is, like Smith, proceeding without an attorney, their pleadings "are to be liberally construed." *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019). Still, such allegations "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Initially, Smith has "waived" and "abandoned" his current claims because he failed to "address any of [defendant's] arguments concerning them" in his opposition to the motion to dismiss. *See American Ice Mach. Co. v. Modern Ice Equip. Co.*, __ F. Supp. 3d __, No. 24-CV-02083-H-BJC, 2025 WL 307193, at *4 (S.D. Cal. Jan. 27, 2025). Instead,

---

problem with the complaint is not its frivolous adherence to that doctrine, but its failure to state a claim.

Smith's response is full of new facts and legal theories, and attaches new documents, that are not present in or attached to his complaint. (*See generally* ECF 8.) But "material beyond the pleadings may not be considered in deciding a motion to dismiss." *Covert v. City of San Diego*, No. 15CV2097 AJB (WVG), 2017 WL 1094020, at *5 (S.D. Cal. Mar. 23, 2017). So, Smith has waived his current claims by failing to respond to TransUnion's arguments, and his new material is inappropriate for consideration. Nevertheless, the Court will briefly address defendants' arguments as plaintiff will be given an opportunity to amend his complaint to try to remedy some of those defects.

A.   **FCRA Compliance Procedures; Accuracy of Report**

Smith claims that TransUnion violated the Fair Credit Reporting Act's "[c]ompliance procedures" regarding the accuracy of his consumer report. *See* 15 U.S.C. § 1681e(b); (ECF 4, at 2). FCRA compliance procedures require that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." § 1681e(b). Plaintiff must provide factual allegations "tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

Smith's allegations about having to provide his personally identifiable information don't suggest any portion of TransUnion's consumer report is inaccurate. He certainly does not point to any purported inaccurate information. So he has failed to properly allege a violation, and this claim must be dismissed.

B.   **FCRA; Reasonable Procedures or Permissible Purpose of Consumer Report**

Smith's next FCRA-based claim is unclear. He asserts a claim under "15 USC 1681 (1)(b)," which doesn't exist, and also under "15 U.S.C. 1861(b)," which is completely irrelevant. The Court suspects he meant to bring a claim under either 15 U.S.C. § 1681(b) or § 1681b. The first "require[s] that consumer reporting agencies adopt reasonable procedures . . . with regard to the confidentiality, accuracy, relevancy, and

proper utilization" of consumer credit information. § 1681(b). The second mandates that consumer reporting agencies "may furnish a consumer report under [specified] circumstances and no other." § 1681b; *see Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 488, 496 (9th Cir. 2019) (finding an unauthorized purpose when the plaintiff "puts forward factual assertions which negative each permissible purpose for which [defendant] could have obtained her credit report").

Regardless of which he intends to bring, Smith doesn't state a claim. Smith neither identifies any unreasonable procedure nor alleges that TransUnion has ever furnished his credit report at all, much less done so under inappropriate circumstances.

**C.     FCRA; Responsibilities of Furnishers to Consumer Reporting Agencies**

Smith next claims that TransUnion violated its responsibilities under the FCRA as a "furnisher of information to provide accurate information." *See* 15 U.S.C. § 1681s-2. This is the flip side of a "credit reporting agency," as the FCRA imposes this duty on "sources that provide credit information *to*" credit reporting agencies. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (emphasis added).

But Smith fails to provide any facts to suggest TransUnion provided information to other credit reporting agencies as a "furnisher." Nowhere does he explain to what credit reporting agency TransUnion furnished information, nor how that information was inaccurate. So, he does not state a plausible claim under § 1681s-2.

**D.     GLBA and Safeguards Rule**

Smith also claims that TransUnion violated portions of the Gramm-Leach-Bliley Act. (*See* ECF 4, at 2 (listing as the basis "15 U.S.C. §§ 6801 - 6804"; "15 U.S.C. § 6805(a)(7)"; and the implementing regulations at "16 C.F.R. Part 314").) According to 16 C.F.R. § 314.1, those provisions set "forth standards for developing, implementing, and maintaining reasonable administrative, technical, and physical safeguards to protect the security, confidentiality, and integrity of customer information." But "no private right of action exists for an alleged violation of the GLBA." *Fleshman v. Wells Fargo Bank*, N.A., 27 F. Supp. 3d 1127, 1135 (D. Or. 2014); *see Barnett v. First Premier Bank,* 475 F. App'x

174, 174 (9th Cir. 2012) (affirming a dismissal with prejudice of a suit under § 6801 and § 6805 because "there is no private right to action under the statutes that defendant was alleged to have violated"); *see also* 15 U.S.C. § 6805(a) (delineating the various government agencies tasked with enforcing the provisions of the GLBA, including the "Federal Trade Commission").

### E. Federal Trade Commission Act

Next, Smith claims that TransUnion violated the Federal Trade Commission Act, 15 U.S.C. §§ 41–58. But, "[l]ike the GLBA, the FTCA [Federal Trade Commission Act] does not create a private right of action." *Hall v. Equifax Info. Servs.*, No. 2:21-cv-01979 JAM AC PS, 2021 WL 5566746, at *1 (E.D. Cal. Nov. 29, 2021) (citing *Carlson v. Coca-Cola Co.*, 485 F.2d 279, 280 (9th Cir. 1973)). So this claim fails, too.

### F. Breach of Contract

Finally, while not entirely clear, Smith appears to allege a breach-of-contract claim against TransUnion. "The essential elements of a breach of contract claim are the existence of an enforceable contract, the defendant's breach, and damages to the plaintiff caused by the breach." *Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1062 (9th Cir. 2017).

Here, Smith mentions the word "contract" only once in his amended complaint when he asserts that he is "bring[ing] this civil action against TransUnion et-al" "for violation of breach of Contract." (ECF 4, at 1.) His amended complaint generally refers to TransUnion's services and gives abstract examples regarding his use of its services. For example, Smith alleges that "[w]hen [he] disputes items on his credit report," or "requests a security freeze or a copy of his credit score," he must also submit sensitive personal information. (*Id.* at 3–4.)

While Smith claims to have used TransUnion's services, he has not plausibly pled that the two ever formed a contract, what the terms of any such contract would be, how any of those terms were breached, or what injury arose as a result. So, any breach-of-contract claim is deficient.

### G. Leave to Amend

When a pleading "can possibly be cured by additional factual allegations," courts should grant leave to amend. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). "A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.'" *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). Leave to amend would be futile as to any claim arising from the Gramm-Leach-Bliley Act or the Federal Trade Commission Act, and thus those claims are dismissed with prejudice and without leave to amend. *See Barnett*, 475 F. App'x at 174 (finding "futile" any amendment to claims "dismissed" when "there is no private right of action"). But amendment would not necessarily be futile as to the remaining claims, so the Court grants leave to amend them.

### CONCLUSION

TransUnion's motion to dismiss is **GRANTED**. Smith's amended complaint is **DISMISSED with leave to amend, except as to any claim arising from the Gramm-Leach-Blily Act or the Federal Trade Commission Act**. By May 29, 2025, Smith may file an amended complaint, remedying the identified deficiencies. "If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

Dated:  May 1, 2025

_____
Hon. Andrew G. Schopler
United States District Judge