UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Alvin James SMITH,<br><br>                                    Plaintiff,<br><br>v.<br><br>TRANSUNION,<br><br>                                    Defendant. | Case No.: 24-cv-1727-AGS-DTF<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS TO SUPPLEMENT COMPLAINT (ECF 46, ECF 48), DENYING PLAINTIFF'S SUPPLEMENTAL FILINGS (ECF 45, ECF 47), AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (ECF 37)** |
| --- | --- |

Plaintiff moves for, among other things, leave to file a supplemental pleading. (*See* ECF 46, 48.) That request is granted, which largely moots his other requests.

## BACKGROUND

In short, plaintiff's operative complaint seeks damages for "[i]naccurate credit reporting" related to two "Navy Federal alleged debt accounts" that TransUnion purportedly "fail[ed] to delete or remove." (ECF 36, at 2.) One of plaintiff's remaining claims is for "negligent and willful violations" of the Fair Credit Reporting Act and the California Consumer Credit Reporting Agencies Act. His other is a California state law claim for intentional infliction of emotional distress for "assassination of his 'character'" and "humiliate[ion] and embarrass[ment]." (ECF 36, at 9.) Defendant moved to dismiss. (ECF 37.) Plaintiff now moves under Federal Rule of Civil Procedure 15(d) for leave to "file a supplemental pleading to include material facts that occurred after the filing" of the operative complaint. (ECF 46, at 2; ECF 48, at 2.)

## DISCUSSION

**A.    Rule 15(d) Motion for Supplemental Pleading**

Plaintiff seeks to file a supplemental pleading following the revelation of "two key subsequent events." (ECF 48, at 2.) First, plaintiff wishes to add to his complaint "facts [that] concern [d]efendant TransUnion LLC's voluntary deletion of two disputed Navy

1

Federal Credit Union accounts from Plaintiff's consumer credit file." (ECF 46, at 2.) Notably, plaintiff asserts that this "voluntary deletion" occurred "on or about October 13, 2025" (*id.*), that is, more than a month after the filing of the third amended complaint here (*see* ECF 36). Second, plaintiff alleges that on "November 15, 2025," "TransUnion reinserted the very same accounts onto Plaintiff's credit report under a new debt-buying furnisher, LVNV FUNDING LLC." (ECF 48, at 2.) Thus, he claims that he should be granted leave to file supplemental pleadings as these new "events postdate the filing of the [operative complaint] and directly relate" to his federal credit reporting claims. (ECF 46, at 2.)

The Court "may, on just terms" and with "motion and reasonable notice" allow "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). If the "newly alleged material unquestionably relates to the matter set forth in the original complaint, the only inquiry that remains is whether supplementation will promote speedy disposition of the entire controversy, or whether it will prejudice the responding party." *Sywula v. Teleport Mobility, Inc.*, 652 F. Supp. 3d 1195, 1213 (S.D. Cal. 2023) (quotations omitted) (citing *Keith v. Volpe*, 858 F.2d 467, 474–75 (9th Cir. 1988).

### 1. *Relation to the Original Complaint*

The first inquiry is whether the supplemental information "unquestionably relates to the matter set forth in the original complaint." *Sywula*, 652 F. Supp. at 1213. Plaintiff's supplementary information relates to the "voluntary deletion" of the apparently problematic accounts that are directly at issue in the operative complaint. (*Compare* ECF 36, at 2 (claiming a violation of FCRA for "failing to delete or remove two (2) inaccurate Navy Federal alleged debt accounts"); *with* ECF 46, at 4 (alleging that "on or about October 13, 2025. . . the two disputed Navy Federal Credit Union accounts that are the subject of this action" were deleted).) According to plaintiff, the "timing and nature of this deletion" are indicative of TransUnion's alleged violations. (ECF 46, at 4.) Plaintiff also claims that "reinsertion" occurred from a "new furnisher, LVNV," which, in plaintiff's

2

24-cv-1727-AGS-DTF

view, also shows "willful violations of the Fair Credit Reporting Act." (ECF 48, at 2.) Particularly since it all deals with the same accounts, plaintiff's supplemental information "relates to the matters set forth in the original complaint." *See Sywula*, 652 F. Supp. at 1213.

### 2. *Prejudice*

The Court also must examine any potential "prejudice to" defendant. *Sywula*, 652 F. Supp. at 1213. The possibility that defendant "would need to respond to modified [] allegations, and perhaps, litigate" is not sufficient prejudice to defeat plaintiff's right to supplement. *See id.* at 1214 (collecting cases). And, as the Court previously noted, plaintiff will not be granted another attempt to amend his complaint should the Court grant another motion to dismiss. (*See* ECF 35, at 1.) So, disposition on defendant's motion to dismiss could result in a final dismissal of plaintiff's suit with prejudice. Given the court's obligation to unrepresented litigants, and the potential result of a final disposition of plaintiff's complaint, the equities favor permitting plaintiff to supplement.

Any prior deficiencies in plaintiff's operative complaint do not alter this result. *See* Fed. R. Civ. P. 15(d) (noting that the "court may permit supplementation even though the original pleading is defective").

### 3. *Speedy Disposition*

Finally, the Court considers whether allowing plaintiff to supplement will "promote the speedy disposition of the entire controversy." *Sywula*, 652 F. Supp. at 1213. Supplementation generally "promote[s] as complete an adjudication of the dispute between the parties as possible." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981). "A supplemental complaint completely supersedes any earlier complaint, rendering the original complaint non-existent." *Jackson v. Fong*, 870 F.3d 928, 934 (9th Cir. 2017) (cleaned up). Since it means all the arguments about dismissal can now be addressed together, the Court concludes that allowing supplementation here will aid in the speedy disposition of the entire controversy. *See Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, No. 22-cv-00676-H-MSB, 2023 WL 2456715 at *1 (S.D. Cal.

Jan. 31, 2023) (collecting cases finding that pending motions to dismiss are "moot in light of supplemental complaint").

So, plaintiff's request for leave to file a supplemental pleading is granted, and defendant's motion to dismiss is denied as moot. By March 3, 2026, plaintiff must file a consolidated complaint because "it would be inefficient to permit a two-part operative complaint and multiple pending motions to dismiss." *Doe v. Butte Cnty. Prob. Dep't*, No. 20-cv-02248-TLN-DMC, 2022 WL 705616 at *5 (E.D. Cal. March 9, 2022) (finding it proper for the plaintiff to "file an amended complaint . . . that integrated the operative Complaint and the proposed supplemental complaint."). Proceeding in this manner will allow the court "to award complete relief in one action and avoid waste." *Id.* (citing *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (noting that "permitting the plaintiffs to supplement their complaint . . . [should] serve to promote judicial efficiency" under Rule 15(d)).

**B.      Plaintiff's Other Filings**

Plaintiff also filed "supplemental" briefs with seemingly preemptive responses to counterarguments that could be made following defendant's "voluntary cessation" of the alleged wrongful conduct. (ECF 45, at 3–4; *see also* ECF 47 (raising similar arguments).) But defendant has not yet raised any of these issues, and plaintiff does not seek any other relief in those filings. So they are denied.

## CONCLUSION

Smith's motions to supplement are **GRANTED**. Under Local Rule 15.1(a), plaintiff must file a fourth amended complaint, setting out *all* relevant facts including those alleged to have developed after the filing of his third amended complaint, without reference or reliance on his previous pleadings. Smith must file this new complaint by **March 3, 2026**. Once again, "[i]f a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005). Smith's extraneous briefs are **DENIED**. TransUnion's motion to dismiss is **DENIED as moot**.

24-cv-1727-AGS-DTF

Dated:  February 6, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

24-cv-1727-AGS-DTF