UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Alvin James SMITH, | Case No.:  24-cv-1727-AGS-BJW |
|---|---|
| Plaintiff, | **ORDER DENYING EMERGENCY MOTION (ECF 74)** |
| v. | |
| TRANSUNION, | |
| Defendant. | |

In response to defendant's motion to dismiss, plaintiff requests an "emergency hearing" to address defendant's "contradictory positions" concerning dismissal, discovery, and other legal issues. (ECF 74, at 10.) That request is denied. Defendant's dismissal motion already has a July 1, 2026 hearing date. Plaintiff may raise any relevant legal arguments in his opposition, due two weeks before that date.

As for defendant TransUnion's allegedly "contradictory positions," a representation that the defense is both still gathering discovery *and* filing a motion to dismiss is not contradictory. Discovery has nothing to do with a motion to dismiss. A motion to dismiss is designed to test the sufficiency of the pleadings themselves. In fact, the Court generally "may not consider material outside the pleadings"—such as discovery—"when assessing the sufficiency of a complaint" for a dismissal motion "under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion [to dismiss] applies to its Rule 12(c) analog [for judgment on the pleadings].").

Dated:  April 28, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

1

24-cv-1727-AGS-BJW